# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 9, 2003

## STATE OF TENNESSEE v. QUINTEN M. TURNAGE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-06585     Joseph B. Dailey, Judge**

───────────────

**No. W2002-02269-CCA-R3-CD - Filed August 4, 2003**

───────────────

A Shelby County jury convicted the Defendant of escape, and the Defendant now appeals his conviction. The sole issue on appeal is the sufficiency of the convicting evidence. Concluding that the evidence is legally sufficient to support the Defendant's conviction, we affirm the conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Tony N. Brayton (on appeal), and Mary Kathryn Kent (at trial), Memphis, Tennessee, for the appellant, Quinten M. Turnage.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Betsy Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. FACTS

On January 9, 2001, Quinten Turnage was arrested and jailed on a charge of theft of property valued at more than ten thousand dollars ($10,000) but less than sixty thousand dollars ($60,000). After failing to post bond for his release, Turnage was assigned trusty status in the Shelby County Jail. As a trusty, Turnage worked on the jail loading dock under the supervision of Michael Douglass, a civilian employee.

Early in the afternoon of February 22, 2001, after approximately two weeks of work without incident, Turnage and another trusty requested a restroom break. Douglass escorted the trusties to the restroom just down the hall from the dock area, then proceeded back to his office in order to

answer phone calls. Shortly thereafter, Douglass returned to the restroom to escort the trusties back to the loading dock but found Turnage and the other trusty missing. After conducting a search of the jail premises for approximately thirty minutes, Douglass notified his supervisor and officially reported that Turnage had escaped.

The following day, with Turnage still missing, a warrant was issued for his arrest. Three days after the issuance of the warrant, on Monday, February 26, 2001, officers found a beige uniform and gloves, both similar to those that would have been worn by Turnage the day of his escape, placed out of sight behind a trash compactor near the loading dock. Turnage remained missing at this time. Eventually, Turnage was apprehended on the warrant that had been issued after he was reported escaped.

## II. ANALYSIS

The appellant alleges that there is insufficient evidence in the record to support a conviction for escape. When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 324 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999); Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas, 286 S.W.2d at 859. This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. Id.

In this case, the Defendant has failed to meet his burden of showing that the evidence was legally insufficient to convict him of escape. See Evans, 838 S.W.2d at 191. The relevant statute, in pertinent part, makes it "unlawful for any person arrested for . . . an offense to escape from a penal institution." Tenn. Code Ann. § 39-16-605(a). Escape is defined as the "unauthorized departure from custody." Id. § 39-16-601(3). The facts of the instant case show that the Defendant was arrested on January 9, 2001, and placed in the Shelby County Jail on the charge of theft of property.

Not posting bond, the Defendant was granted trusty status and worked on the jail loading dock for approximately two weeks prior to escaping with another trusty.

The Defendant contends that he was convicted solely on circumstantial evidence and that the State did not introduce any direct evidence to show that the Defendant ever departed from the custody of the Shelby County Jail. However, a conviction may be based entirely on circumstantial evidence where the facts are "so clearly interwoven and connected that the finger of guilt is pointed unerringly at the Defendant and the Defendant alone." State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985). At trial, the State provided the testimony of Michael Douglass, the Defendant's supervisor, who explained that he escorted the Defendant to the restroom down the hall from the dock area and, upon returning shortly thereafter, was unable to locate the Defendant after a broad thirty-minute search. Captain Steve Crouch of the Shelby County Sheriff's Office testified that, as late as four days after the escape, the Defendant had yet to be found. Additionally, Captain Crouch and Sergeant John Mills, also of the Shelby County Sheriff's Office, testified that four days after the escape, clothing similar to that worn by the Defendant in his trusty status, including a beige uniform and a pair of gloves, was located behind a trash compactor near the loading dock.

The Defendant correctly asserts that there was no testimony to show where he was arrested for this offense. However, the jury could reasonably infer his arrest was made away from the Shelby County Jail premises from the evidence that the Defendant was arrested on a warrant rather than being apprehended on the premises of the jail.

### III. CONCLUSION

On appeal, this Court cannot overturn the jury's determination on questions of fact. Liakas, 286 S.W.2d at 859. Consequently, we conclude that the evidence presented at trial was sufficient for the jury to convict the Defendant of escape.

Accordingly, the judgment of the trial court is AFFIRMED.

 

_____
ROBERT W. WEDEMEYER, JUDGE